# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNION & DEVILLE FINE HOMES, INC., a California corporation, BENNION & DEVILLE FINE HOMES SOCAL, INC., a California corporation, WINDERMERE SERVICES SOUTHERN CALIFORNIA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WINDERMERE REAL ESTATE SERVICES COMPANY, a Washington corporation; and DOES 1-10.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 5:15-cv-01921-R-KK<br>*Hon. Manual L. Real*<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS**<br><br>Complaint filed: September 17, 2015<br>First Amended Complaint filed: November 16, 2015<br>First Amended Counterclaim filed: October 14, 2015<br><br>Pre-Trial Conference: September 19, 2016 at 11:00 a.m.<br>Trial: October 16, 2016 at 9:00 a.m. |

**IT IS HEREBY STIPULATED** by and between the Parties to *Bennion & Deville Fine Homes, Inc., et al. v. Windermere Real Estate Services Company, et. al.*, United States District Court for the Central District of California, Case No. 5:15-cv-01921-R-KK, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-captioned action pending in the United States District Court for the Southern District of California Case No. 5:15-cv-01921-R-KK.

    b. "Court" means the Hon. Manual L. Real, or any other judge or magistrate judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" information or items shall mean (1) trade secret information as defined in California Civil Code section 3426.1, or other confidential research, development, pricing, or membership information, or (2) any information subject to the right to privacy of any individual or entity under state or federal law, and (3) designated as such by any Producing Party in good faith as containing such information using the procedures provided for herein.  The term "Confidential" shall also apply to copies, extracts, and complete or partial summaries prepared from such writings or information designated as "Confidential," as well as to any writing, document or information which quotes, paraphrases or otherwise discloses information designated as "Confidential."  The designation of any writing, document or information as "Confidential" pursuant to the terms of this Order shall constitute the verification that the designation is in good faith and consistent with the terms of this Order and applicable federal law.

1   Nothing herein precludes such information from being designated as "Highly
2   Confidential – Attorneys' Eyes Only" if appropriate.
3        d.    "Confidential Materials" means any Documents, Testimony or
4   Information as defined below designated as "Confidential" or "Highly Confidential
5   – Attorneys' Eyes only" pursuant to the provisions of this Protective Order.
6        e.    "Designating Party" means the Party that designates Materials as
7   "Confidential" or "Highly Confidential – Attorneys' Eyes only."
8        f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge,
9   give, or make available Materials, or any part thereof, or any information contained
10  therein.
11       g.    "Documents" means (i) any "Writing," "Original," and "Duplicate" as
12  those terms are defined by the Federal Rules of Evidence, which have been
13  produced in discovery in this Proceeding by any person, and (ii) any copies,
14  reproductions, or summaries of all or any part of the foregoing.
15       h.    "Information" means the content of Documents or Testimony.
16       i.    "Testimony" means all depositions, declarations or other testimony
17  taken or used in this Proceeding.
18       j.    <u>"Highly Confidential – Attorneys' Eyes Only" means</u> extremely
19  sensitive "Confidential" information or items (as defined above), that a
20  Designating Party believes in good faith (a) disclosure of which to another party or
21  non-party would create a very substantial risk of serious harm that could not be
22  avoided by less restrictive means; (b) is required to be kept confidential to protect
23  the privacy interests of an individual; or (c) is subject to an express obligation of
24  confidentiality owed by the Designating Party to a third party.  Such material may
25  include but is not limited to: documents containing extremely sensitive trade
26  secrets, research and competitive intelligence, or other documents referring to,
27  reflecting, and/or incorporating the foregoing; as well as financial information
28  including but not limited to accounting records, revenues, costs, profits,

confidential pricing, and overhead; information relating to a party's suppliers, licensees, licensors, distributors or present or prospective customers including but not limited to names, addresses, phone numbers and email addresses not otherwise publicly available; business strategy including but not limited to future business plans; information of an extremely high degree of current commercial sensitivity that may provide a competitive advantage to competitors if disclosed. The term "trade secret" shall be defined according to the definition in California Civil Code § 3426.1.

2. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

3. Any Documents, Testimony or Information to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"; or

        ii. designate the entirety of the Testimony at the deposition as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" (before the deposition is concluded) with the need to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript, or such other time as may be mutually agreed between the Parties in writing or ordered by the Court.  In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information may (but need not) be separately bound by the court reporter, who must affix to the top of each page so designated the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Designating Party.

  c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" portions.

  4. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production.  In the event that any Document, Testimony or Information that is subject to a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the

inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges to which the standard rules regarding the inadvertent production of such attorney-client or work product Materials shall apply. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern. The receiving Party reserves all rights to claim that the Inadvertent Production Notice is not proper based on the circumstances.

5. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Objecting Parties shall have thirty (30) days from service of the written Designation Objections, or such other time as may be mutually agreed between the Parties in writing or ordered by the Court, to either (a) agree in writing to de-

designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Nothing herein is intended to shift the burden of upholding a Confidential Designation from the Designating Party. A meet and confer exchange must occur prior to filing a Designation Motion. Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall remain as designated until resolution of the Designation Objection applicable to such material has been made pursuant to paragraph 8 below and for good cause showing.

      6.    Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

      a.    the Court and all of its personnel;

      b.    (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties the clerical and secretarial staff employed by such counsel;

      c.    those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding;

      d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding) and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

and who have signed the "CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS" (Exhibit A);

  e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

  f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials;

  g. mock jury participants;

  h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; and

  i. any other person that the Designating Party agrees to in writing.

Prior to the Disclosure of Confidential Materials to any person or persons under paragraphs 6(b-i), counsel for the Party making the Disclosure shall first deliver a copy of this Protective Order to such person, shall explain its terms to such person, shall explain to such person that he or she shall be bound to follow the terms of this Protective Order and shall either confirm such terms on the record under penalty of perjury or secure the signature of such person on the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by anyone or any entity, to promptly notify counsel for the Designating Party of such breach or threatened breach.

In the event a person is required to execute Exhibit A, counsel for the Party that provided the Confidential Materials to such person shall retain the original of such Exhibits.  Such Exhibits shall not be discoverable except upon a showing of good cause and the potential for irreparable harm.

6.1     Access to and/or Disclosure of Confidential Materials designated as <u>"Highly Confidential – Attorneys' Eyes Only"</u> may only be shown to those designated in Section 6 subsections (a, b(1), b(2), d, e, f, g, h, and i).

7.      Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

8.      Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

   a.     operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contains or reflects non-public information that is entitled to confidential treatment under applicable law; or

   b.     prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

      i.     to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order; or

      ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

9.      Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same

with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

10. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

11. If any person or Party subject to this Protective Order who has custody of any Confidential Materials receives a subpoena, request for production of documents or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. Likewise, the recipient of the Subpoena can elect to quash the Subpoena or otherwise oppose production of Confidential Materials without a challenge by any Party that the recipient lacks standing to assert the Confidentiality designation. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena. Moreover, provided the Designating Party has taken some form of legal action designed to quash or limit the Subpoena, the recipient of

1  the Subpoena agrees to await the outcome of such proceedings prior to producing any
2  Confidential Materials.  Conversely, if the Designating Party has not taken any such
3  action, the existence of this Order does not require the recipient of the Subpoena to act in
4  violation of the obligations imposed by the Subpoena.

5       12.   Nothing in this Protective Order shall be construed to preclude either Party
6  from asserting in good faith that certain Confidential Materials require additional
7  protection.  The Parties shall meet and confer to agree upon the terms of such additional
8  protection.

9       13.   If, after execution of this Protective Order, any Confidential Materials
10 submitted by a Designating Party under the terms of this Protective Order is Disclosed by
11 a non-Designating Party to any person other than in the manner authorized by this
12 Protective Order, the non-Designating Party responsible for the Disclosure shall bring all
13 pertinent facts relating to the Disclosure of such Confidential Materials to the immediate
14 attention of the Designating Party.

15      14.   This Protective Order is entered into without prejudice to the right of any
16 Party to knowingly waive the applicability of this Protective Order to any Confidential
17 Materials designated by that Party.  If the Designating Party uses Confidential Materials
18 in a non-Confidential manner or in a manner inconsistent with the terms of this Order,
19 then the Designating Party shall advise the other Party that the designation no longer
20 applies.

21      15.   Any Party seeking to file with the Court any Confidential Materials, or
22 Information derived from Confidential Materials must file that information under seal.  In
23 doing so, the Parties shall follow and abide by applicable law, applicable Local Rules,
24 and the chambers' rules, with respect to filing documents under seal.  Once a Party has
25 complied with such rules with respect to filing documents under seal, the Party shall file
26 or lodge Confidential Materials in a sealed envelope, or other appropriate sealed
27 container, on which shall be written the title and case number of this action, an indication
28

of the nature of the contents of such sealed envelope or other container, and a statement in substantially the following form:

"CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER"

Such envelope or container shall not be opened without order of the Court except by officers of the Court or the attorneys of record who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container. A party filing a document under seal shall publicly file a copy of the document with the confidential material redacted. The complete redacted document, along with a written statement or notice indicating in general terms what has been redacted, shall be furnished to the outside counsel of record for all other Parties and electronically filed with the Court.

16. This Order shall only govern the procedures for use of Confidential Materials prior to trial. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order prior to the time of trial.

17. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential information that is the subject of this Order.

18. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding is terminated.

19. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials

and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials.  To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

20. After this Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.

21. In the event that the Court modifies this Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.  This Protective Order may be executed in counterparts.

22. The Court may modify the Protective Order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

DATED: February 17, 2016

_____
HON. MANUEL L. REAL
United States District Court Judge

The parties hereby consent to the entry of this Order:

**MULCAHY LLP**

By:   /s/ Kevin A. Adams
      James M. Mulcahy
      Kevin A. Adams
      Attorneys for Plaintiffs/Counter-Defendants
      Bennion & Deville Fine Homes, Inc.,
      Bennion & Deville Fine Homes SoCal, Inc.,
      Windermere Services Southern California,
      Inc.,and Counter-Defendants
      Robert L. Bennion and Joseph R. Deville

**PEREZ WILSON VAUGHN & FEASBY**

By:   /s/ John D. Vaughn
      John D. Vaughn
      Jeffrey A. Feasby
      Attorneys for Defendant/Counterclaimant
      Windermere Real Estate Services Company

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, United States District Court for the Central District of California Case No. 5:15-cv-01921-R-KK. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order entered in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned or destroyed upon the instruction of the counsel who provided me with such Materials.

I further understand that I may be held in contempt if I breach the terms of this Protective Order entered by the Court. I understand that if I am held in contempt, I may be subject to monetary penalties and/or incarceration.

/ / /

/ / /

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED:_____   By:_____
                                        Signature

                                Title: _____

                                Address:

                                City, State, Zip:

                                Telephone Number: