John D. Vaughn, State Bar No. 171801
Jeffrey A. Feasby, State Bar No. 208759
Christopher W. Rowlett, State Bar No. 257357
PEREZ VAUGHN & FEASBY Inc.
600 B Street, Suite 2100
San Diego, California 92101
Telephone: 619-702-8044
Facsimile: 619-460-0437
E-Mail: vaughn@pvflaw.com

Jeffrey L. Fillerup, State Bar No. 120543
Rincon Law LLP
90 New Montgomery St
Suite 1400
San Francisco, California 94105
Telephone:  (415) 996-8199
Facsimile: (415) 996-8280
E-Mail:   jfillerup@rinconlawllp.com

Attorneys for Defendant and Counterclaimant
Windermere Real Estate Services Company

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNION & DEVILLE FINE HOMES, INC., a California corporation, BENNION & DEVILLE FINE HOMES SOCAL, INC., a California corporation, WINDERMERE SERVICES SOUTHERN CALIFORNIA, INC., a California corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>WINDERMERE REAL ESTATE SERVICES COMPANY, a Washington corporation; and DOES 1-10<br><br>        Defendant.<br><br>———————————————<br><br>AND RELATED COUNTERCLAIMS | Case No. 5:15-CV-01921-DFM<br><br>Hon. Douglas F. McCormick<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**[FRCP 59(e)]**<br><br>Date:          October 9, 2018<br>Time:          10:00 a.m.<br>Courtroom: 6B<br><br>Complaint Filed: September 17, 2015 |

Defendant and counterclaimant Windermere Real Estate Services Company ("WSC") respectfully submits the following points and authorities in support of its Motion to Alter or Amend the Judgment.

## I.  **INTRODUCTION**

In their verdict, the jury found that Bennion & Deville Fine Homes, Inc. ("Fine Homes") and Bennion & Deville Fine Homes SoCal, Inc. ("Fine Homes SoCal") breached their respective franchise agreements with WSC and awarded a total of $1,095,239.13 in damages.  Robert Bennion ("Bennion") and Joseph R. Deville ("Deville") each personally guaranteed Fine Homes and Fine Homes SoCal's performance under their agreements with WSC.  Consequently, Bennion and Deville should be jointly and severally liable for the entire $1,095,239.13 in contract damages awarded against their real estate entities.  The jury, perhaps not understanding the significance of Bennion and Deville's personal guarantees, divided that amount equally between Bennion and Deville.  However, based on the plain, undisputed language of the license agreements, Bennion and Deville should each be personally liable for the entire damages award against Fine Homes and Fine Homes SoCal on WSC's breach of contract claims. As a result, the Court should amend the judgment to correct this obvious mistake of law and/or fact made by the jury.

## II.  **FACTUAL BACKGROUND**

As the Court is aware, this case arises out of the years-long relationship between WSC and Bennion and Deville and their related real estate entities. The parties' relationship was governed by three primary contracts and one amendment modifying two of the primary contracts. This motion involves the parties' franchise/licensing agreements and amendments related thereto.

On August 1, 2001, WSC, Fine Homes, Bennion, and Deville entered into a Windermere Real Estate License Agreement (the "Coachella Valley Agreement"). (*See* Dkt. 31-1, p. 2; Tr. Ex. 1.) As a part of subsequent agreements between the

1  parties, Bennion and Deville personally guaranteed Fine Homes' performance under

2  the Coachella Valley Agreement:

> [Bennion and Deville] are Shareholders, Partners or Members of Licensee. Each has a financial interest in Licensee, has had the opportunity to read the Agreement to which this Personal Guaranty is attached, and acknowledges that he/she will personally benefit from the Agreement.
>
> By signing below, each individual acknowledges that he or she is a party to this Agreement, is personally bound by its terms, and hereby unconditionally personally guarantees performance of the [Coachella Valley Agreement] and this Agreement by Licensee.

9  (Dkt. 16-3, p. 4; Tr. Ex. 630, p. 3.  See also Dkt. 16-4, p. 7; Tr. Ex. 632, p. 4.)

10         On March 29, 2011, WSC, Fine Homes SoCal, Bennion, and Deville entered

11  into a Windermere Real Estate Franchise License Agreement (the "SoCal

12  Agreement"). (*See* Dkt. 31-1, p. 91; Tr. Ex. 44.) Bennion and Deville personally

13  guaranteed Fine Homes SoCal's performance under the SoCal Agreement:

> ***If there is more than one Guarantor under this Guaranty, then the obligations of all such Guarantors shall be joint and several***, and in such case the obligations of each Guarantor shall be independent of those of all other Guarantors and of the obligations of Licensee and any other persons or entities obligated in any manner for the payment for performance of the Guaranteed Obligations.

18  (*See* Dkt No. 31-1, p. 103; Tr. Ex. 44, p. 13 [emphasis added].)

19         On December 18, 2012, WSC, Windermere Services Southern California,

20  Fine Homes, and Fine Homes SoCal entered into an Agreement Modifying

21  Windermere Real Estate Franchise License Agreements (the "Modification

22  Agreement"). (See Dkt. 31-2, p. 2; Tr. Ex. 87.) Paragraph 3(G) of the Modification

23  Agreement relieved Bennion and Deville of their personal guarantees related to

24  funds forgiven by the Modification Agreement. However, the agreement also

25  expressly stated that Bennion & Deville would be personally liable for amounts that

26  became due and owing under the Coachella Valley and SoCal Agreements after

27  April 1, 2012.  (Dkt. 31-2, p. 6; Tr. Ex. 87, p. 4.)

28  ///

At trial, WSC pursued its counterclaims that Fine Homes and Fine Homes SoCal breached their respective franchise agreements by failing to pay their fees and by terminating the agreements prior to the expiration of five years after the date of the Modification Agreement. (Dkt. 181, pp. 21-23.) WSC also pursued its claims against Bennion and Deville based upon their personal guarantees of Fine Homes and Fine Homes SoCal's obligations under their franchise agreements.[1] (*Id.*) The jury was instructed that "[y]ou should decide the case of each plaintiff and each counter-claimant separately as if it were a separate lawsuit. Each plaintiff and counter-claimant is entitled to separate consideration of its claims. Moreover, each claim, and any corresponding damages, should also be considered separately." (Dkt. 216, p. 7.)

On July 26, 2018, the jury returned a verdict against Plaintiffs on all of their claims and in favor of WSC on all of its claims. (Dkt. 218.) The total dollar amount of the jury's verdict in favor of WSC matched the amount requested by WSC in opening statements and closing argument to the penny.  Relevant to this motion, the jury found Fine Homes and Fine Homes SoCal breached their respective franchise agreements and awarded WSC a total of $1,095,239.13 in damages for those claims ($837,323.36 against Fine Homes and $257,915.77 against Fine Homes SoCal). (Dkt. 218, pp. 14-17.) The jury also found that Bennion and Deville each individually breached the Coachella Valley and SoCal Agreements. However, despite the undisputed evidence and instruction from the Court, the jury only awarded WSC $547,619.56 in damages against each Bennion and Deville. (Dkt. 218, pp. 18-21.) That number represents exactly one-half of the total amount awarded against Fine Homes and Fine Homes SoCal on the breach of contract claims.

---

[1] WSC did not assert that Bennion and Deville guaranteed the amounts owed under the Modification Agreement.

On August 15, 2018, the Court entered judgment on the jury's verdict in favor of WSC and against Fine Homes in the amount of $1,264,555.32, against Fine Homes SoCal in the amount of $310,234.98, and found Bennion and Deville each jointly and severally liable for $547,619.56 of the amounts owed by Fine Homes and Fine Homes SoCal. (Dkt. 224.)

## III.   LEGAL ARGUMENT

District courts have "considerable discretion" when addressing motions to amend a judgment under Rule 59(e). *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). One of the grounds upon which a Rule 59(e) motion may be granted is where "the motion is 'necessary to correct *manifest errors of law or fact upon which the judgment is based*.'" *Id.* quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 2003) (emphasis in original). Here, the jury's verdict as against Bennion and Deville was the result of a plainly incorrect application – a manifest error – of law and/or fact.

As set forth above, the plain language of the guarantees executed by Bennion and Deville render them jointly and severally liable for Fine Homes and Fine Homes SoCal's performance under their respective franchise agreements. *See also DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 820 (2015) ("Parties to a joint and several contract are thus bound jointly, so that they are liable for the entire obligation, and severally, so that each may be sued separately for the entire loss."). The Court instructed the jury that WSC's claims against the counter-defendants were to be considered separately. In fact, the Court instructed the jury on this issue again following Jury Note Number 4. (*See* Dkt. 212.) Based on the plain language of the agreements and the Court's multiple instruction, it is an obvious error of fact and/or law to divide the contract damages awarded against Fine Homes and Fine Homes SoCal between Bennion and Deville. That division of damages is not supported by any evidence in the record or any other instruction given by the Court. Pursuant to the unambiguous language of the parties' agreements, Bennion and

Deville are jointly and severally liable for all amounts that become due and owing by Fine Homes and Fine Homes SoCal. (*See* Dkt. 16-3, p. 4; Dkt. 16-4, p. 7; Tr. Ex. 630, p. 3; Tr. Ex. 632, p. 4; Dkt No. 31-1, p. 103; Tr. Ex. 44, p. 13; Dkt. 31-2, p. 6; Tr. Ex. 87, p. 4.)  Importantly, Bennion and Deville did not present any evidence that they were somehow relieved of those guarantees or that the agreements were modified to divide those guarantees equally between them.

The jury found that Fine Homes and Fine Homes SoCal collectively owe WSC $1,095,239.13 for breaching their respective franchise agreements. (Dkt. 218, pp. 14-17.) It follows – by law, fact, and jury instructions – that Bennion and Deville are jointly and severally liable for the entire $1,095,239.13 awarded against Fine Homes and Fine Homes SoCal by the jury.

## IV.   **CONCLUSION**

For all these reasons, WSC respectfully requests that the Court grant this motion and enter an amended judgment providing that Bennion and Deville are each jointly and severally liable for the entire $1,095,239.13 amount the jury awarded in favor of WSC and against Fine Homes and Fine Homes SoCal on WSC's breach of contract claims.


DATED: September 11, 2018   PEREZ VAUGHN & FEASBY INC.


By:  /s/ Jeffrey A. Feasby
Jeffrey A. Feasby
Attorneys for
Windermere Real Estate Services Company