John D. Vaughn, State Bar No. 171801
Jeffrey A. Feasby, State Bar No. 208759
Christopher W. Rowlett, State Bar No. 257357
PEREZ VAUGHN & FEASBY Inc.
600 B Street, Suite 2100
San Diego, California 92101
Telephone: 619-702-8044
Facsimile: 619-460-0437
E-Mail: vaughn@pvflaw.com

Jeffrey L. Fillerup, State Bar No. 120543
Rincon Law LLP
90 New Montgomery St
Suite 1400
San Francisco, California 94105
Telephone:  (415) 996-8199
Facsimile: (415) 996-8280
E-Mail:  jfillerup@rinconlawllp.com

Attorneys for Defendant and Counterclaimant
Windermere Real Estate Services Company

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENNION & DEVILLE FINE HOMES, INC., a California corporation, BENNION & DEVILLE FINE HOMES SOCAL, INC., a California corporation, WINDERMERE SERVICES SOUTHERN CALIFORNIA, INC., a California corporation,<br><br>           Plaintiffs,<br><br>           v.<br><br>WINDERMERE REAL ESTATE SERVICES COMPANY, a Washington corporation; and DOES 1-10<br><br>           Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 5:15-CV-01921-DFM<br><br>Hon. Douglas F. McCormick<br><br>**REPLY IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>**[FRCP 59(e)]**<br><br>Date:       October 30, 2018<br>Time:       10:00 a.m.<br>Courtroom: 6B<br><br>Complaint Filed: September 17, 2015 |

Defendant and counterclaimant Windermere Real Estate Services Company ("WSC") respectfully submits this reply brief in support of its Motion to Alter or Amend the Judgment.

## I. INTRODUCTION

In their opposition to WSC's Motion to Alter or Amend the Judgment, Counter-Defendants Bennion & Deville Fine Homes, Inc. ("Fine Homes"), Bennion & Deville Fine Homes SoCal, Inc. ("Fine Homes SoCal") Robert Bennion ("Bennion"), and Joseph R. Deville ("Deville") (collectively, the "B&D Parties") blatantly misrepresent the record in an effort to confuse and/or mislead the Court. The record is clear. The $1,095.239.13 in contract damages awarded by the jury represents the outstanding fees and interest owed by the B&D Parties *only from July 2014 through the present*. The record is also clear that Bennion and Deville are joint and several personal guarantors of that complete amount.[1] Consistent with the clear and undisputed trial record, WSC respectfully requests that the Court amend the judgment to make both Bennion and Deville jointly and severally liable for the full amount of contractual damages.

## II. THE RECORD PLAINLY SHOWS THAT THE FEES AND INTEREST ACCRUED FROM JULY 2014 TO THE PRESENT

The B&D Parties concede that Bennion and Deville guaranteed fees incurred by B&D Fine Homes and B&D So Cal after December 21, 2012, but falsely claim that the jury awarded fees and interest accrued before December 21, 2012. This is flatly contradicted by the record, including the testimony of Bennion, Patrick Robinson (the B&D Parties' employee), and the exhibit summarizing WSC's damages.

///

---

[1] The B&D Parties' intentional misrepresentations of the record are sanctionable under Rule 11.

It is undisputed that the B&D Parties did not pay fees or interest from July 2014 through September 2015, at which time the parties' franchise agreements were terminated. Patrick Robinson, the employee in charge of determining the amount of fees the B&D Parties owed to WSC on a monthly basis, testified that the B&D Parties did not pay any fees from July 2014 through the termination of the franchise agreements in September 2015. (Declaration of Jeffrey A. Feasby ["Feasby Decl."], ¶ 5, Ex. C [Trial Transcript, Day 9, Vol. 1], 57:7-60:7.) Similarly, Bennion admitted that the B&D Parties were "caught up" with fees through June 2014, the month before they stopped paying their fees to WSC. (Feasby Decl., ¶ 3, Ex. A [Trial Transcript, Day 7, Vol. 1], 101:17-19.) Finally, Michael Teather, Co-President of WSC, testified that June 2014 was the last month for which WSC received fees from the B&D Parties. (Feasby Decl., ¶ 4, Ex. B [Trial Transcript, Day 8, Vol. 2], 8:3-9:4.)

It is further undisputed that the fees and interest accrued from July 2014 through the termination of the franchise agreements totaled $1,095,239.13, the exact amount of contract damages awarded by the jury against Fine Homes and Fine Homes SoCal. Exhibit 824, the admissibility of which was stipulated by the B&D Parties, identifies the total amounts the B&D Parties owed to WSC. There, the amounts owed are broken down generally into three categories: (1) the pro-rata amount forgiven in the Modification Agreement ($493,306.26); (2) the amount of fees and interest accrued from July 2014 to the first day of trial by Fine Homes ($837,323.36); and (3) the amount of fees and interest accrued from July 2014 to the first day of trial by Fine Homes SoCal ($257,915.77). Categories 2 and 3 only included fees and interest accrued since July 2014. Only Category 1 included pro-rata amounts for fees accrued prior to December 21, 2012.

The Jury Verdict tracked these numbers to the penny. On page 15 of the Special Verdict, the jury awarded WSC $837,323.36 in damages against Fine Homes, the exact amount of fees and interest accrued from July 2014. On page

17 of the Jury Verdict, the jury awarded WSC $257,915.77 in damages against Fine Homes SoCal, the exact amount of fees and interest accrued from July 2014. Adding those two amounts, the contractual liability for fees and interest accrued from July 2014 through the first day of trial is $1,095,239.13.  In what appears to be an effort to make Bennion and Deville jointly responsible for exactly one-half each of the amounts of the damages awarded that they guaranteed, the jury divided that amount in half and awarded WSC $547,619.56 in damages against Bennion and Deville each.  While the jury's apparent attempt at equity is understandable, it is also inconsistent with the evidence and law. Bennion and Deville were and are personal guarantors and, as such, ***they are jointly and severally liable for the entire amount*** accrued from July 2014 to the present. Accordingly, the judgment should be amended to reflect the record and Bennion and Deville should each be made jointly and severally liable for the entire $1,095,239.13 in contractual damages awarded against Fine Homes and Fine Homes SoCal.

### III. CONCLUSION

For all these reasons, WSC respectfully requests that the Court grant this motion and enter an amended judgment providing that Bennion and Deville are each jointly and severally liable for the entire $1,095,239.13 amount awarded by the jury in favor of WSC and against Fine Homes and Fine Homes SoCal on WSC's breach of contract claims.

DATED: October 9, 2018         PEREZ VAUGHN & FEASBY INC.

                                By:  /s/ Jeffrey A. Feasby
                                     Jeffrey A. Feasby
                                     Attorneys for
                                     Windermere Real Estate Services Company

3